## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**DOLLY E. LUGO-MARTÍNEZ, et al.,**

    **Plaintiffs,**

    **v.**

**PLANNING BOARD OF THE COMMONWEALTH OF PUERTO RICO, et al.,**

    **Defendants,**

**Civ. No. 25-1529 (ADC)**

## <u>ORDER</u>

Before the Court is a motion for voluntary dismissal filed by the plaintiffs, Dolly E. Lugo-Martínez ("Lugo-Martínez") and her husband, Jesús Malavé-Soto ("Malavé-Soto" and together with Lugo-Martínez, "plaintiffs"), on April 1, 2026. **ECF No. 102**. In it, plaintiffs urge the Court to dismiss their claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). However, the defendants in this case[1] oppose the voluntary dismissal on the grounds that plaintiff's claims have been adjudged to be meritless by United States Magistrate Judge Giselle López-Soler in her February 13, 2026, report and recommendation ("R&R"). *See* **ECF No. 102** (R&R); **ECF No. 104** (Municipal defendants' response); **ECF No. 110** (PRPB's response). Therefore, they request that

---

[1] The defendants are: the Commonwealth of Puerto Rico Planning Board ("PRPB"); the Municipality of Cabo Rojo ("Municipality"); Luis López; Edgar Seda; José Ramos; Carlos Rivera; and Richard Pérez (together with the Municipality, the "Municipal Defendants," and together with the PRPB, "defendants").

the Court either refrain from dismissing the case and proceed to adjudicate the R&R, or grant voluntary dismissal with prejudice. Plaintiffs replied and reaffirmed their request for a voluntary dismissal without prejudice. **ECF No. 109**.

After having reviewed the R&R, plaintiff's motion for voluntary dismissal, and the parties' position thereto, the Court is once again at a loss to make sense of plaintiffs' tactical choices. The title of plaintiffs' motion, as reflected in the Court's CM/ECF system, is "Motion to dismiss Without Prejudice Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure." **ECF No. 102** (emphasis added). However, the title of the document itself is "Motion for Dismissal Without Prejudice Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure," and its contents clearly refer to Rule 41(a)(2). *Id.* at 1. The parties based their subsequent responses and reply on whether dismissal under Rule 41(a)(2) is warranted. It is therefore readily apparent that plaintiffs seek voluntary dismissal under Rule 41(a)(2), not Rule 41(a)(1). A lay person (or a less-than-competent attorney) may find little difference between a voluntary dismissal under Rule 41(a)(1) and 41(a)(2), but the distinction matters greatly.

As all parties recognize, a voluntary dismissal under Rule 41(a)(2) requires the Court's leave and may be conditioned on terms the Court deems proper. Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). A voluntary dismissal under Rule 41(a)(1)(A), however, requires no action from the Court if properly made. *See Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ.*, 760 F.2d 14, 16 (1st Cir. 1985) (commenting that, under a prior

but substantially identical version of the Rule, it "does not require the intervention of the court."). A notice of dismissal under Rule 41(a)(1)(A) can be made when the plaintiff files the notice "before the opposing party serves either an answer or a motion for summary judgment," or when the parties sign a stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii). Otherwise, a voluntary dismissal falls under Rule 41(a)(2), requiring leave and subject to proper terms.

In the case at hand, no defendant filed an answer to the amended complaint or a motion for summary judgment, making Rule 41(a)(1), not Rule 41(a)(2), applicable. True, the parties have vigorously litigated pending motions to dismiss and a request for a preliminary injunction. **ECF Nos. 22, 30, 34, 46, 55, 71,** and **72**. And the Magistrate Judge issued a thorough and well-reasoned report and recommendation recommending that the Court grant the motions to dismiss and deny the request for injunctive relief. **ECF No. 91**. But these actions do not constitute either an answer to the amended complaint or a motion for summary judgment. *See Zuker v. Rodríguez*, No. CV 12-1408 (PAD), 2017 WL 2345683 (D.P.R. May 30, 2017) ("A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is not the equivalent to an answer or a motion for summary judgment." (citing *Universidad Cent. Del Caribe, Inc.*, 760 F.2d at 16)); *United Sur. & Indem. Co. v. Yabucoa Volunteers of Am. Elderly Hous., Inc.*, 306 F.R.D. 88 (D.P.R. 2015) (same). While the Court is not deaf to the defendants' plea that the claims be dismissed with prejudice (as many of them likely ought to be), the Court cannot ignore the procedural facts and the text of the rule.[2] The

---

[2] The PRPB's reliance on *Harvey Aluminum, Inc., v. Am. Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953), in its response is to no avail. That case has been cabined to its facts, which differ to a sufficiently significant degree from the facts here. *See Universidad Cent. Del Caribe, Inc.*, 760 F.2d at 18-19; *see also* 9 Wright & Miller's Fed. Prac. & Proc. Civ. §

Court will therefore construe plaintiffs' motion as a notice for voluntary dismissal under Rule 41(a)(1)(A)(i), not under Rule 41(a)(2). Under that Rule, the Court has no choice but to **NOTE** the motion at **ECF No. 102** and order the case be **DISMISSED WITHOUT PREJUDICE**.[3]

That said, the Court likewise cannot turn a blind eye to the many missteps and mistakes made by counsel for plaintiffs, attorney José Enrico Valenzuela-Alvarado, the above being just the latest.

First, on October 10, 2025, the Court ordered plaintiffs to "resubmit the complaint and its exhibits to the CM/ECF system as separate PDF files" because they had filed one joint document, and the Court sought to "avoid future complications in referencing the complaint and its separate exhibits." **ECF No. 5**. Although no time limit was set by the Court, plaintiff complied more than a month after the order and after some defendants had already appeared. **ECF No. 21**. Plaintiffs apologized for the delay but provided no reason. *Id.*, at 2.

Later, on November 24, 2025, the PRPB filed a motion to quash service of summons due to plaintiffs' failure to properly effectuate service under state law; that is, because plaintiffs failed to serve it through its chief executive and to give notice to the Commonwealth's Secretary of Justice. **ECF No. 24**. The Court allowed plaintiffs to cure the defects or show cause, as they were

---

2363 (4th ed.) ("Although the *Harvey Aluminum* decision was reasonable, it was and is supported by very little precedent. . . . Even the Second Circuit has limited it to its facts. Although a few cases have held that because the litigation's merits had been reached, a dismissal by notice was inappropriate absent an answer or a summary judgment motion, most have refused to do so.").

[3] Notwithstanding, plaintiffs should think twice about re-raising some of their claims, as the R&R makes a compelling job of showing their lack of substance on the merits.

still within the ninety-day period of service provided by Fed. R. Civ. P. 4(m). **ECF No. 26**. On December 5, 2025, plaintiffs filed a memorandum in opposition to the motion to quash, **ECF No. 31**, which, the Court later observed, "addresse[d] none of the[] omissions and relie[d] on inapplicable case law." **ECF No. 32**. The Court granted the motion to quash in part, detailed the deficiencies in plaintiffs' attempted service on the PRPB, and gave five days to cure them upon threat of dismissal. *Id.* Only then did plaintiffs complete service on the PRPB. *See* **ECF No. 39**.

Then, on January 30, 2026, more than a month after the Magistrate Judge held an argumentative hearing on the preliminary injunction request and after the parties had fully briefed their respective motions to dismiss, plaintiffs filed a second amended complaint. **ECF No. 70**. Plaintiffs did not request leave from the Court to file the amended pleading, as required under Fed. R. Civ. P. 15(a)(2). Predictably, that led to a motion to strike from the defendants. **ECF Nos. 73, 82, 83**. Instead of requesting leave to amend, plaintiffs filed a response in which they wholly ignored the timing requirements of Rule 15(a)(1), leading the Court to grant the motion to strike and make the following remark: "Frankly, the Court is baffled that plaintiffs['] 13-page, same-day response to the motion to strike (**ECF No. 77**) considers defendants['] position 'frivolous' when [they] all but admit[] non-compliance with the Rule." *See* **ECF No. 86**.[4]

Finally, once the Magistrate Judge had issued her R&R recommending denial of the preliminary injunction request and dismissal of plaintiffs' claims, plaintiffs filed a sprawling fifty-seven-page objection brief that included ten pages of unnecessary tables of content and

---

[4] In the Court's Orders at **ECF No. 86** and **101**, the Court erroneously referred to "plaintiff" instead of "plaintiffs."

authorities and forty-seven pages of objections, all in fourteen-point font and without requesting

leave to file excess pages in accordance with L. Civ. R. 7(e). **ECF No. 92**. That (again, predictably)

invited a motion to strike by the defendants. **ECF Nos. 93, 94, 95**. Only then did plaintiffs file a

motion for leave to exceed the page limit, as well as an unfocused response to the motion to

strike that railed against defendants' purported "procedural ambushes" and attempts to "erase

the record," among other things. **ECF Nos. 97, 99**.[5] The Court granted the motion to strike, but

without prejudice to plaintiffs refiling their objections in accordance with the Local Rules. **ECF**

**No. 101.** The Court gave plaintiffs until April 1, 2026, to do so, as well as a bit of unsolicited

advice and an admonishment:

> "Plaintiff[s are] strongly advised to take advantage of the minimum formatting
> requirements of L. Civ. R. 7(e) to help avoid or reduce any excess in page limits.
> She may again request leave to exceed these page limits, if necessary, but must
> make a good-faith attempt to constrain [their] objections to the page limit. In
> addition, because it is not the first time plaintiff[s] ha[ve] run afoul of basic rules,
> **the Court must also sternly caution plaintiff[s'] attorney to proceed with the
> diligence and competence expected of all attorneys admitted to practice before
> this Court**."

*Id.* (emphasis added). Come April 1, rather than submitting a conforming objection brief,

plaintiffs moved for voluntary dismissal of their claims under Rule 41(a)(2) which, as discussed

---

[5] Attorney Valenzuela-Alvarado also argued that he omitted seeking leave to exceed page limits because he was "undergoing serious medical treatment outside the metropolitan area . . . that affected briefing logistics." **ECF No. 97** at 9. How this unspecific ailment affected his ability to prepare and file a simple motion for leave, but not a fifty-seven-page objection memorandum (with tables of content and authorities and all), remains unexplained.

above, is not only procedurally inapplicable, but also imposes a more onerous standard on the movant than a Rule 41(a)(1)(A)(i) notice.[6]

Through the above conduct, attorney Valenzuela-Alvarado has caused the Court to harbor doubts as to his compliance with his duty of competence. *See* Model Rules of Pro. Conduct r. 1.1 (A.B.A. 2025) ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."); *see also* L. Civ. R. 83E(a) (applying the American Bar Association's Model Rules of Professional Conduct to attorneys admitted to practice in the Court). Attorney Valenzuela-Alvarado is **ORDERED TO SHOW CAUSE** why he should not be monetarily sanctioned in the amount of $1,000.00.

In sum, for the reasons stated, the case is **DISMISSED WITHOUT PREJUDICE**. Clerk is to enter Judgment accordingly. Attorney Valenzuela-Alvarado is to comply with the Court's **ORDER TO SHOW CAUSE** by no later than May 15, 2026.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 27th day of April 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**

---

[6] In the face of all these easy-to-avoid missteps, attorney Valenzuela-Alvarado's go-to response has been to fault the defendants with engaging in procedural obstruction. *See, e.g.,* **ECF No. 109** at 9. An attorney fails to respect the legal process and his professional colleagues when he elects to accuse an opposing side in litigation of being at fault for holding one to account under the Rules—especially when these are not arcane procedural rules found only in dusty tomes at the bottom of a library shelf, but rules every attorney admitted to the bar of this District Court is expected to know and abide by.